UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Andrew Flint,

    Plaintiff,                           Case No. 10-12532

v.                                         Honorable Sean F. Cox

JPMorgan Chase Bank,

    Defendant.

_____/

**<u>OPINION & ORDER</u>**
**<u>GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND
DENYING DEFENDANT'S MOTION TO DISMISS</u>**

This matter is currently before the Court on Plaintiff's Motion for Leave to Amend His Complaint, and Defendant's Motion to Dismiss. The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motions will be decided upon the briefs. For the reasons that follow, the Court shall GRANT Plaintiff's motion to amend his complaint and DENY Defendant's motion to dismiss.

BACKGROUND

In 2009, Plaintiff Andrew Flint ("Flint") defaulted on a mortgage through Defendant JPMorgan Chase Bank ("Chase"). (Docket Entry No. 5 at 6). Chase determined the property to be abandoned pursuant M.C.L. § 600.3241a and took possession of the property. (Docket Entry No. 3 at 9). Chase alleges that its representative sent a notice to the property at issue and also to

1

Flint's last known address. *Id*. Flint claims that Chase never sent such a notice. (Docket Entry No. 5 at 9). Chase began foreclosure proceedings and changed the locks on the house. A sheriff's sale was held on February 3, 2010 during which the property was sold to Freddie Mac. *Id*. Flint visited his house "sometime in March" and found that the locks were changed. (Docket Entry No. 4, Ex. 1 at 2).

In his original complaint, Flint asserted one count of "Conversion of Real Property." (Docket Entry No. 1, Ex. 1 at 10). On July 2, 2010, Chase moved to dismiss the action pursuant to Rule 12(b)(6), because "Conversion of Real Property" failed to state a claim upon which relief could be granted. (Docket Entry No. 3 at 3). On July 8, 2010, Flint filed a motion to amend his complaint, recognizing that his original complaint failed to state a claim because conversion does not apply to real property. (Docket Entry No. 4 at 2). Flint's proposed complaint alleges one count of "Unlawful Taking of Real Property in Violation of MCL. 600.5714" and one count to "Quiet Title Pursuant to MCL 600.2932." (Docket Entry No. 4, Ex. 1). Flint also alleges that the home was not, in fact, abandoned and that Chase failed to properly notify Flint of the abandonment determination as required by MCL 600.3241a. *Id*. at 2. As a result, Flint claims that Chase "unlawfully took possession of the residential home." *Id*. Two days later, on July 10, 2010, Flint submitted "Plaintiff's Response to Motion to Dismiss" with exhibits outlining factual details to support his proposed complaint.

Chase filed a "Reply in Opposition to Plaintiff's Motion for Leave to Amend His Complaint" on July 20, 2010. (Docket Entry No. 7). Notwithstanding Flint's motion to amend, Chase reaffirmed its motion to dismiss pursuant to Rule 12(b)(6) and also claimed that the amendment would be futile. *Id*. In addition to its reply brief, Chase filed its response to Flint's

2

motion for leave to amend his complaint. (Docket Entry No. 8).

ANALYSIS

In order for a complaint to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "[f]actual allegations must be enough to raise a right of relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Also before the Court is "Plaintiff's Motion for Leave to Amend his Complaint." A party may amend its pleadings once as a matter of course within 21 days after service of a Rule 12(b) motion. FED. R. CIV. P. 15(a)(1). Furthermore, leave to amend is to be freely given when justice so requires. FED. R. CIV. P. 15(a)(2). However, a district court may deny leave to amend a complaint if the Court finds that the amendment would be futile. *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003). The Court should consider motions to dismiss in light of proposed amendments to the complaint and determine whether the deficiencies in the complaint would have been cured by the proposed amendments. *Begala v. PNC Bank*, 214 F.3d 776, 784 (6th Cir. 2000).

Flint filed his motion to amend his complaint less than a week after Chase filed its motion to dismiss. Therefore, Flint is within the 21 day period to amend once as a matter of course. The Court shall consider Chase's motion to dismiss in light of Flint's proposed amended complaint and determine whether the deficiencies in the complaint are cured by the proposed amendment. *Begala*, 214 F.3d at 784.

In Count I of his proposed complaint, Flint argues that Chase unlawfully took possession of his home. (Docket Entry No. 4, Ex. 1 at 2). Generally, when a lender forecloses on a home, the

homeowner is entitled to a redemption period of six months. M.C.L. § 600.3240(8). Under M.C.L. § 600.3240(9), however, if the property is determined to be abandoned pursuant to M.C.L. § 600.3241a, the redemption period for a homeowner after foreclosure is shortened to three months. If the requirements of M.C.L. § 600.3241a are met, the mortgagor loses all rights of ownership thirty days after the foreclosure sale. Section 600.3241a(a) requires the mortgagee to inspect the premises to determine whether the property is abandoned. Section 600.3241a(b) requires that the mortgagee post a notice at the time of the inspection, and also mail a notice of abandonment via certified mail to the mortgagor at the mortgagor's last known address.

In its brief in support of its motion to dismiss, Chase claims that it satisfied requirement (a) on January 15, 2010, when a chase representative inspected Flint's property and determined that Flint, nor any other person, was occupying the home. Chase also claims that its representative posted a notice of abandonment at the time of the inspection, and on January 6, 2010, mailed a notice to the property at issue and to Flint's last known address, thus satisfying requirement (b) of § 600.3241a. Chase also alleges that Flint never responded in writing to this notice of abandonment. As a result, Chase insists that the redemption period expired on March 5, 2010, thirty days after the foreclosure sale. (Docket Entry No. 8 at 4).

In his proposed complaint, however, Flint alleges that "[t]he Defendant failed to post on the premises or send the Plaintiff a notice by certified mail at the last known address that they considered the premises abandoned pursuant to MCL 600.3241a." (Docket Entry No. 4, Ex. 1 at ¶ 14). Because Chase has submitted this motion pursuant to Rule 12(b)(6), the Court must take all of the allegations in Plaintiff's complaint as true. *See Twombly*, 550 U.S. at 555. Flint's claim that Chase unlawfully took possession of Flint's home is sufficient to raise a right of relief. It

then follows that Flint's amended complaint would not be futile and would correct the deficiencies that existed in his first complaint.

Accordingly, IT IS ORDERED that Plaintiff's motion to file an amended complaint is GRANTED and Defendant's motion to dismiss is DENIED. Plaintiff shall file his Amended Complaint within fourteen (14) days of the date of this order.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: October 18, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 18, 2010, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager